# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EMESE GLORIA JACKSON,
          Appellant,

          v.

OFFICE OF PERSONNEL
     MANAGEMENT,
          Agency,

          and

PENNY NIELSEN
          Intervenor.

DOCKET NUMBER
AT-0831-14-0699-I-1

DATE: February 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Emese Gloria Jackson</u>, Birmingham, Alabama, pro se.

<u>Roxann Johnson</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her appeal as withdrawn.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2     The appellant, through her attorney, filed an appeal of the Office of Personnel Management (OPM)'s final decision finding her ineligible to receive a lump-sum benefit under the Civil Service Retirement System based on the death of a former federal employee.[2]  Initial Appeal File (IAF), Tab 1.  The administrative judge scheduled the requested hearing, *id.*, Tab 16, but, prior to the designated date, the appellant's attorney submitted "Appellant's Motion to Dismiss Appeal," *id.*, Tab 18, whereupon the administrative judge dismissed the appeal as withdrawn, *id.*, Tab 19, Initial Decision at 1, 2.

---

[2] The administrative judge notified the individual to whom the benefit was awarded of her potential right to participate in the appeal as an intervenor.  IAF, Tab 7.  She requested to intervene, *id.*, Tab 8, and the administrative judge granted her request for permissive intervention, *id.*, Tab 9.

¶3      The appellant has timely filed a pro se petition for review, Petition for Review (PFR) File, Tab 1, to which both the agency and the intervenor have responded, *id.*, Tabs 4-5.

¶4      An appellant's withdrawal of an appeal is an act of finality which removes the appeal from the Board's jurisdiction. *Page v. Department of Transportation*, 110 M.S.P.R. 492, ¶ 5 (2009). A voluntary withdrawal must be clear, decisive, and unequivocal. *Id.* The record reflects that the appellant's designated representative unequivocally expressed her intent to withdraw the appeal. IAF, Tab 18.

¶5      On review, the appellant contests the merits of OPM's decision to deny her benefits, PFR File, Tab 1 at 1-3, but she does not challenge the administrative judge's dismissal of her appeal as withdrawn or otherwise allege that the withdrawal was involuntary. *Cf. Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (the appellant is responsible for the errors of his chosen representative). We therefore find that the administrative judge did not err in dismissing the appeal as withdrawn. *See Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶¶ 7-8 (2010). To the extent that the appellant may now wish to contest OPM's decision on the merits, any such wish does not constitute grounds for review.[3]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[3] Based on our disposition, we need not consider the numerous documents the appellant has submitted on review which bear on the merits of OPM's decision.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.